**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Jose Lucas Valverde,          ) | No. CV-08-1404-PHX-FJM |
|              ) | |
| Petitioner,        ) | **ORDER** |
| vs.              ) | |
|              ) | |
| Silvia Patricia Rivas,           ) | |
|              ) | |
| Respondent.        ) | |
|   ) | |

This is a petition for return of child under 42 U.S.C. § 11603 and the Convention on the Civil Aspects of International Child Abduction (the Hague Convention). After a trial to the court, these are our Findings and Conclusions under Rule 52(a), Fed. R. Civ. P.

Petitioner, respondent, and their minor child, Lucas, are all Mexican nationals. Petitioner and respondent, although unmarried, lived as husband and wife in Chihuahua, Mexico at the time of Lucas' birth to them. After several years, in 2005, they separated and reached an agreement with respect to the joint custody of Lucas. During that same year, respondent left Chihuahua with Lucas and unlawfully brought him to the United States. Petitioner has not seen his child since. He invoked his rights under the Hague Convention and, through the United States Department of State, obtained *pro bono* counsel who filed this action.

I find very plainly that the removal of Lucas from Mexico to the United States is wrongful under Article 3 of the Hague Convention. First, it interfered with the custody rights of the petitioner. Second, he had been actually exercising those rights, and, third, the child was a habitual resident of Chihuahua before his wrongful removal. Petitioner is the father of Lucas and had an oral agreement with respondent to joint custody valid under the law of Chihuahua. I find therefore that petitioner has met his burden by a preponderance of the evidence that the child was wrongfully removed.

The respondent raises the affirmative defenses set forth in Article 13 of the Hague Convention. I find that respondent has failed to meet her burden of proof that the petitioner was not actually exercising custody rights at the time of the removal, or consented to or acquiesced in the removal.

The respondent did present substantial evidence that the petitioner was violent towards her and her two children by another relationship (but not Lucas), used drugs, and had a criminal record in Mexico. Respondent contends that there is a grave risk that the return of the child would expose Lucas to physical or psychological harm within the meaning of Article 13(b) of the Hague Convention. Under 42 U.S.C. § 11603(e)(2)(A), the respondent has the burden of establishing that affirmative defense by clear and convincing evidence. On the evidence before me, I find that she has not done so. There is no evidence that the petitioner was ever violent towards Lucas. His criminal record is somewhat dated. And, the evidence with respect to his use of drugs was conflicting and does not rise to the level of clear and convincing evidence. Of course, this evidence would be highly relevant to custody issues, but those issues are not within the scope of the Hague Convention.

This is not to say that there is no risk. It is just that the respondent failed to prove by clear and convincing evidence that there is a grave risk. We believe that any risk can be accommodated by fashioning appropriate relief.

International child abduction is an evil which both the United States and the Republic of Mexico have tried to deal with through the Hague Convention. We do not decide the question of custody. Questions of custody and the best interests of the child are properly to be decided by the appropriate court in Mexico.

We note that the petition in this case was filed less than one year from the date the petitioner discovered the whereabouts of his son. He invoked his rights with the Central Authority in Mexico immediately upon learning of the abduction. Respondent secreted Lucas from him. Accordingly, under Article 12 of the Hague Convention, we find that the child should be returned forthwith. In the alternative, we do not find that the child is settled in his new environment. The child is an illegal alien and the evidence is undisputed that (1) he has no visa to be in the United States, (2) no petition for citizenship has been filed, and (3) he has no I-94 form. Thus, even in the absence of this petition, he is subject to removal from the United States. Accordingly, IT IS ORDERED GRANTING the Petition for Return of Child (doc. 5).

The child has been in the custody of Child Protective Services pending further order of the court. IT IS NOW ORDERED that Child Protective Services shall transfer physical custody of the child, as soon as it is reasonably practicable, to Encarnacion Rodriguez, as agent for petitioner Jose Lucas Valverde, for return to the Republic of Mexico. IT IS FURTHER ORDERED, so as to minimize the trauma to the child, that the respondent Silvia

Patricia Rivas, shall accompany Encarnacion Rodriguez and the child to Mexico. We urge both the petitioner and the respondent to file a proceeding in the appropriate Mexican court to establish the appropriate custody arrangements for Lucas in Mexico.

DATED this 5th day of September, 2008.

*Frederick J. Martone*
Frederick J. Martone
United States District Judge